## BOARD OF EDUCATION OF CLEVELAND (city) v ZANGERLE, Auditor et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13687.  Decided Oct 23, 1933

W. George Kerr, Director of Law, Cleveland, Alfred Clum, Asst. Director of Law, Cleveland, and John A. Smith, Assistant Director of Law, Cleveland, for plaintiffs.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, and E. P. Westenhaver, Asst. Prosecuting Attorney, Cleveland, for defendants.

HAMILTON and ROSS, JJ, (1st Dist) and RICHARDS, J, (6th Dist), sitting.

## OPINION

By HAMILTON, PJ.

As indicated in the pleading the defense seems to be that the refusal to pay the advances is due to, and justified by the fact that large losses have and will be suffered by frozen tax collections made in prior years and deposited in closed and insolvent banks. That these frozen deposits are general tax collections not allocated to the subdivisions and therefore the plaintiff must share the loss pro rata with the county.

The court finds and so holds that if these deposits collected prior to 1932 were general tax collections, not allocated or distributed, the several subdivisions would have to share the loss, if any, pro rata. However, the court can grant no relief as to these funds in this action as there is nothing in the record to show the amount of loss nor the character of the deposits.

As to the collections for the year 1932 there is no legal defense unless it can be shown that these collections are also tied up in closed banks.

The statute provides for limited advances upon warrant of the auditor to subdivisions of tax money as and when collected and final distribution upon the semi-annual settlement. Of course if the collections are tied up in closed banks and out of control of the treasurer, the money could not be transferred and any order of distribution by the court would be a vain thing.

Our conclusion is that the plaintiff is entitled to a mandatory injunction against the defendants requiring them to advance and distribute to plaintiffs the 1932 taxes collected and due the plaintiff subdivision which are not tied up in closed banks and are available for such distribution without considering at this time the taxes collected prior to 1932 tied up or lost in closed banks. Decree accordingly.

ROSS and RICHARDS, JJ, concur.